# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

                   **Case No. 07-C-538**
                     **(03-CR-2)**

  -vs-

**LELAND B. HALL,**

    Movant.

# DECISION AND ORDER

The movant, Leland B. Hall ("Hall"), filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. The Court imposed a 78-month sentence, which included a four-level increase after the Court determined that Hall possessed a firearm in connection with the use of crack cocaine to acquire a stolen car. During the pendency of Hall's appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which rendered the federal sentencing guidelines advisory and reaffirmed that a sentence cannot be increased with facts not admitted or determined by a jury beyond a reasonable doubt. Therefore, the Seventh Circuit ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). On remand, the Court held that it would have imposed the same sentence even if the sentencing guidelines were merely advisory. The Seventh Circuit affirmed and the Supreme Court denied a petition for certiorari on May 30, 2006. (Docket No. 3-2).

For purposes of the one-year limitations period, § 2255 ¶ 6, Hall's conviction became final on May 30, 2006. *See United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) ("For defendants who try unsuccessfully to take their case to the Supreme Court, their judgments of conviction become final on the date their petitions for certiorari are denied"). While Hall's motion was filed with the district court on June 13, 2007, his motion is deemed filed on the date he delivers it to prison authorities for forwarding to the district court. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999). The key date for purposes of this inquiry is May 29, 2007.

Hall attached a certificate of service to his motion which states that the motion was served on the government via U.S. mail in May 2007, but does not specify an actual date. (Docket No. 1 at 9). Hall's cover letter for filing with the clerk of court (Docket No. 1-2) is undated and unsigned and the actual motion is undated (but signed). (Docket No. 1 at 8). In response to Hall's motion, the government submitted a copy of the envelope in which it received a copy of Hall's motion. That envelope is stamped "Processed June 14, 2007" by prison authorities. (Docket No. 3-3). The U.S. Attorney's Office received its copy of Hall's motion on June 18.

In reply, Hall argues that his motion was placed in the prison mail system for filing during a period of institutional lock down. (Docket No. 8). However, Hall does not specify *when* he left his motion with prison authorities for filing. In fact, on two occasions Hall writes that his motion was placed in the prison mail system or handed over to prison authorities for filing, but there is a blank space where a date should be filled-in. (Docket No.

-2-

8 at ¶¶ 3, 4). Hall also attaches a signed but un-notarized affidavit. (Docket No. 8, Exhibit A). In this document, Hall states that on "~~May 19~~ 9/13/2007, I placed my Section 28 U.S.C. 2255 Motion to Vacate, Set Aside, or Correct Sentence in the hands of the Unit officer who was on duty during a period of institutional lock [sic] down here at the United States Penitentiary Terre Haute, Indiana." (Docket No. 8, Exhibit A).

While Hall's certificate of service indicates that he served the government in May, what really matters is filing, and the motion and cover letter for filing are both undated. After the government raised untimeliness as an affirmative defense, it was Hall's burden to demonstrate that he delivered his motion to prison authorities in a timely manner. Hall's clumsy attempts to do so are not persuasive. Therefore, the Court concludes that Hall's motion is untimely.

Even if Hall's motion could be considered timely, his substantive claims are without merit. Hall argues that his trial counsel was ineffective for failing to challenge the absence of a jury finding related to possession of a gun in connection with a drug transaction. However, as noted above, Hall's trial counsel did object to the sentence enhancement as discussed above. More to the point, Hall cannot establish prejudice because the same sentence was imposed and upheld as reasonable pursuant to the limited remand procedure in *Paladino*.[1]

---

[1] Hall also argues that trial and appellate counsel were ineffective for failure to challenge the reasonableness of the sentence imposed. However, appellate counsel challenged the reasonableness of the sentence in its *Paladino* statement after the case was remanded. (Docket No. 130).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Hall's § 2255 motion is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**